**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **CLIFFORD C. CAMPBELL,** | : | **Bankruptcy No. 09-25155-BM** |
| Debtor. | : | **Chapter 7** |

.......................................................................................................................................

| | | |
|---|---|---|
| **William T. Forde,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 09-2587-BM** |
| | : | |
| **Clifford C. Campbell**, | : | |
| Defendant. | : | |

Appearances:    Stanley Kirshenbaum, for William Forde.
Ronald B. Roteman, for Clifford Campbell.

## MEMORANDUM OPINION

William Forde (hereafter "Forde"), a judgment creditor of Clifford

Campbell, the above-captioned debtor (hereafter "the Debtor"), seeks to have his

judgment claim for $230,000 declared nondischargeable pursuant to 11 U.S.C.

§ 523(a)(2). For the reasons that are set forth below, the Court holds that

Forde's claim is nondischargeable pursuant to, in particular, § 523(a)(2)(A).

The Debtor has also brought a motion seeking the entry of an order that

grants his Chapter 7 discharge before the Court disposes of the instant

adversary proceeding (Doc. No. 22 in the Main Case Docket). The Court shall

deny such motion as moot given that (a) such motion remains pending, but (b)

the instant adversary proceeding will now conclude with the entry of the instant

Memorandum Opinion and accompanying Order of Court. Upon conclusion of

the instant adversary proceeding, a separate order will be entered that grants the

Debtor's discharge but, by virtue of the entry of the instant Memorandum Opinion
and accompanying Order of Court, Forde's claim shall be excepted from such
Chapter 7 discharge.

### STATEMENT OF FACTS

The Debtor filed a Chapter 7 bankruptcy petition on July 10, 2009.
Several years prior to filing for bankruptcy the Debtor sold to Forde all of his
ownership interest in Campbell Coal, Inc. (hereafter "Campbell Coal").  Campbell
Coal was a company (a) that the Debtor wholly owned, and (b) through which the
Debtor operated a coal brokerage business, which business the Debtor had
operated for many years.  After Forde purchased Campbell Coal in 2005, he
made very little if any money from the operation of its business.

Forde then sued the Debtor in the Pennsylvania Court of Common Pleas
(hereafter "the State Court"), and in September 2008 Forde therein obtained an
amended judgment in the amount of $230,000 (hereafter "the State Court
Judgment").  The State Court Memorandum Order and Non-Jury Verdict, dated
September 29, 2008, and attached as an exhibit to Forde's adversary complaint
(hereafter "the State Court Opinion"), reveals that the State Court Judgment is
based upon two independently sufficient alternative grounds for decision, namely
fraud and failure of consideration.  *See* State Court Opinion, at 5-6.

The State Court Opinion reveals that the State Court, in the course of
rendering the State Court Judgment, found or held that the Debtor, during the
course of negotiations to sell Campbell Coal, made several actionably fraudulent
representations to Forde regarding (a) a contract that Campbell Coal supposedly

2

had with an entity named Carmeuse Lime Co. (hereafter "Carmeuse"), (b) a business relationship that Campbell Coal had with an individual named Wayne Lacky (hereafter "Lacky"), and (c) Campbell Coal's customer and supplier lists.

With respect to the Carmeuse contract in particular, the State Court found or held that

(a)     the Debtor told Forde that such contract was just that when the same was instead simply a purchase order, *see* Id. at 2;

(b)     the Debtor told Forde that such contract (or purchase order) was for the servicing of Carmeuse's coal needs when instead it was for the servicing of Carmeuse's "pet coke" needs, *see* Id. at 3-4;

(c)     the Debtor failed to tell Forde that Carmeuse had a 15-year contract with a broker other than Campbell Coal, *see* Id. at 2;

(d)     the Debtor disguised such contract that Carmeuse had with someone else by telling Forde that Carmeuse was merely testing coal from other sources, *see* Id.; and

(e)     each of the foregoing statements or omissions constituted actionable fraud on the part of the Debtor, *see* Id. at 3 & 5.

As for the Lacky business relationship, the State Court found that the Debtor told Forde that (a) he had a close relationship with Lacky, *see* Id. at 2, (b) Lacky was about to close on a coal mine in Kentucky, *see* Id., (c) if Lacky became the operator of such mine, then it would mean that markets in Cincinnati would become open to Campbell Coal, *see* Id., and (d) Lacky ultimately did not close on the purchase of the coal mine in Kentucky because of minor technical

3

problems, *see* Id.  The State Court ultimately held (a) that "[t]he business that was going to come from Lack[]y and the Kentucky coal mine was just as illusory as the Carmeuse 'contract,'" *see* Id. at 4, and (b) that representations made regarding the Lacky business relationship amounted to actionable fraud on the part of the Debtor, *see* Id. at 4-5.

Finally, the State Court (a) found that "the customer and supplier list [of Campbell Coal] was vastly inflated," *see* Id. at 2, and (b) ultimately held that representations made regarding such lists amounted to actionable fraud on the part of the Debtor, *see* Id. at 4-5.

## DISCUSSION

Forde contends that his State Court Judgment claim should be nondischargeable under § 523(a)(2)(A) because (a) it is a claim for money obtained by fraud/false representations, and (b) all of the elements for a nondischargeability claim under § 523(a)(2)(A), including, in particular, the element of justifiable reliance, have been met.  Forde also contends that all of the elements under § 523(a)(2)(B) – including, in particular, the element of reasonable reliance – have been satisfied even if (a) the fraudulent statements that were made by the Debtor are found to have respected his or an insider's financial condition, and (b) § 523(a)(2)(B) rather than § 523(a)(2)(A) consequently applies to Forde's nondischargeability cause of action.

The Debtor counters by first arguing that (a) each and every fraudulent statement that he was found by the State Court to have made to Forde respected the financial condition of either the Debtor or Campbell Coal, an insider of the

4

Debtor, and (b) Forde thus can only proceed under § 523(a)(2)(B).   The Debtor

then contends that Forde cannot prevail under § 523(a)(2)(B) because Forde

unreasonably relied upon any of the fraudulent statements that were made by the

Debtor.  The Debtor contends that Forde's reliance was unreasonable because

Forde did not undertake any real investigation of what the Debtor told him

regarding Campbell Coal.

     Although the State Court Opinion reveals that the State Court determined

that the Debtor defrauded Forde, and even though the State Court Judgment is

based upon such fraud, Forde never moved for summary judgment in the instant

adversary proceeding on the basis of collateral estoppel as to the issue of fraud.

Therefore, the Honorable M. Bruce McCullough, to whom this matter was

originally assigned, conducted a trial in the matter on August 25, 2010, and heard

closing arguments on August 31, 2010.  Before Judge McCullough could enter a

final order disposing of the matter, he died.  Subsequent to his death, the matter

was reassigned to the Honorable Bernard Markovitz.

     This Court held a status conference on the matter on February 10, 2011.

At such status conference, all parties in interest requested that the Court decide

this matter without further hearing or argument.  As a result, the Court explored

with the parties whether it could decide the instant matter on the basis of

collateral estoppel.  Forde contends that such a decision is appropriate.  The

Debtor, not surprisingly, contends otherwise, although he offers no detail as to

why he is not collaterally estopped from disputing that Forde's State Court

Judgment claim is one for fraud that is nondischargeable under § 523(a)(2).

5

The Court has now fully familiarized itself with the instant adversary proceeding.  After having done so, the Court determines that the instant adversary proceeding may be completed without prejudice to either party (a) by virtue of such familiarity on the part of the Court, and (b) because such matter can be resolved on the basis of collateral estoppel, save for the resolution of one discrete issue which may also be resolved as a matter of law.  In light of the foregoing, the Court concludes that it has satisfied the requirements of Fed.R.Civ.P. 63, which is made applicable to the instant matter by way of Fed.R.Bankr.P. 9028.[1]

Somewhat as an aside, after closing arguments were heard before Judge McCullough on August 31, 2010, the parties requested, and were given, an opportunity to file briefs.  Forde was late in filing his brief, which fact prompted the Debtor to move to strike such brief (Doc. No. 54 in Adversary No. 09-2587-BM).  Such motion to strike has not yet been ruled upon.  Because the Court will resolve the instant matter as a matter of law (and mostly by way of collateral estoppel), the Court need not consult such brief, thereby essentially making the motion to strike moot.

_____

[1]The Court concludes, as set forth above, that it may complete the instant adversary proceeding without prejudice to either party because it may resolve such litigation as a matter of law.  The Court concludes, however, that it could not so complete such adversary proceeding, that is without prejudice to either party and in accordance with Fed.R.Civ.P. 63 and Fed.R.Bankr.P. 9028, if the Court were to need to resort to the record of the trial held in the instant matter on August 25 and 31, 2010, in order to resolve such matter.  Put differently, the Court determines that it would need to hold a new trial to resolve the instant matter were it not the case that such litigation can be resolved as a matter of law.

**I.    Why the Debtor is Collaterally Estopped from Contesting Forde's § 523(a)(2) Nondischargeability Cause of Action by Virtue of the State Court Judgment.**

11 U.S.C. § 523(a)(2)(A) & (B) provides, in pertinent part, as follows:

(a)    A discharge under section 727 ... of this title does not

discharge an individual debtor from any debt–

  (2)  for money, property, services, or an extension, renewal, or

refinancing of credit, to the extent obtained by–

      (A)  false pretenses, a false representation, or actual fraud,

      *other than a statement respecting the debtor's or an insider's*

      *financial condition*; [or]

      (B)  use of a statement *in writing*–

          (i)  that is materially false;

          (ii)  *respecting the debtor's or an insider's financial*

          *condition*;

          (iii)  on which the creditor to whom the debtor is liable

          for such money, property, services, or credit

          reasonably relied; and

          (iv)  that the debtor caused to be made or published

          with intent to deceive.

11 U.S.C.A. § 523(a)(2)(A) & (B) (West 2011) (emphasis added).  In order for a

creditor's claim to be excepted from discharge under § 523(a)(2)(A) as one for

fraud or a false representation, a creditor must preponderantly prove the

following elements:

7

(1)     the debtor made ... [a] representation;

(2)     [at] the time of the representation, the debtor knew it to be

        false;

(3)     the debtor made the representation with the intent and

        purpose of deceiving the plaintiff;

(4)     the plaintiff ... [justifiably] relied on the representation ...; and

(5)     the plaintiff sustained a loss or damage as the proximate

        consequence of the representation having been made.

4 Collier on Bankruptcy, ¶ 523.08[1][d] at 523-45 (Bender 2010) (citing Field v.
Mans, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (U.S. 1995), to the effect that
reliance required of a creditor is justifiable rather than reasonable under
§ 523(a)(2)(A)) & ¶ 523.08[1][e] at 523-47 (setting forth 5-part test); *see also* In re
Schempp, 420 B.R. 637, 639-640 (Bankr.W.D.Pa. 2009) (citing Collier as well as
other authorities for the foregoing legal propositions).  "Furthermore, the
representation made by a debtor upon which a creditor predicates an action
under § 523(a)(2)(A) cannot ... pertain to said debtor's financial condition;
representations regarding a debtor's financial condition are only actionable under
§ 523(a)(2)(B), and then only if the same are made in writing."  Schempp, 420
B.R. at 640 (relying on the express language of § 523(a)(2)(A) & (B), as well as
Collier and other authorities).

        In order for the Debtor to be collaterally estopped from contesting Forde's
§ 523(a)(2) nondischargeability cause of action by virtue of the State Court
Judgment, the Debtor will need to be collaterally estopped from disputing

8

whether any of the foregoing requisite elements to such a cause of action have been established.

"The Court ... must apply ... state principles [of *res judicata* and collateral estoppel] with respect to decisions rendered by a state court."  In re Cowden, 337 B.R. 512, 529 (Bankr.W.D.Pa. 2006).  Because the State Court Judgment was rendered by a Pennsylvania state court, Pennsylvania principles regarding collateral estoppel must be applied in the instant matter with respect to such judgment.  The following elements must be shown for collateral estoppel effect to be accorded to a Pennsylvania state court decision:

(1)    The issue sought to be precluded is the same as that decided in the prior action;

(2)    That issue was actually litigated in the prior action;

(3)    The resolution of that issue was determined by a valid and final judgment on the merits;

(4)    The resolution of such issue must have been essential to the prior judgment;

(5)    The party against whom the bar of collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and

(6)    The party against whom such bar is asserted had a full and fair opportunity to litigate the issue in question in the prior action.

Id. at 530 (pointing out that Pennsylvania law and federal law regarding collateral

9

estoppel are essentially the same).

Before proceeding to apply the foregoing elements of collateral estoppel to the State Court Judgment vis-a-vis Forde's § 523(a)(2) nondischargeability cause of action, the Court must make mention of a significant point regarding the State Court's findings of fraud as set forth in the State Court Opinion.  As a threshold matter, the essential elements of actionable fraud or an actionable fraudulent representation under Pennsylvania law are identical to those elements that are listed above as requisite for a creditor's claim to be excepted from bankruptcy discharge under § 523(a)(2)(A) – i.e., a representation by defendant, known to be false when made, made with deceptive intent, justifiable reliance thereon by plaintiff, and loss by plaintiff as a proximate result thereof.  *See* 25 P.L.E.2d *Fraud* § 2 at 474-475 (Bender 2002).  However, the State Court expressly did little more in the State Court Opinion than merely find that the Debtor committed fraud on several discrete occasions, that is the State Court failed to expressly hold that each of the five requisite elements of fraud were present with respect to each such instance of fraud.  Such does not pose a bar to the application of collateral estoppel in the instant matter, however, because (a) "the simple fact of victory or defeat of a plaintiff or defendant establishes[, for purposes of collateral estoppel,] decision of all the issues that would have had to be resolved to support the result," 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> *Jurisdiction* § 4420 (2nd ed. 2010); *see also* <u>Nelson v. Swing-A-Way Manufacturing Co.</u>, 266 F.2d 184, 187 (8th Cir. 1959) ("The doctrine of collateral estoppel applies to matters necessarily decided in the

10

former judgment even if there is no specific finding or reference thereto");

American Iron and Steel Institute v. U.S. Environmental Protection Agency, 886

F.2d 390, 397 (D.C. Cir. 1989) ("Even in the absence of *any* opinion a judgment

bars relitigation of an issue necessary to the judgment"); Dennis v. Rhode Island

Hospital Trust National Bank, 744 F.2d 893, 899 (1st Cir. 1984) ("An issue may

be 'actually' decided even if it is not *explicitly* decided, for it may have

constituted, logically or practically, a necessary component of the decision

reached"), *abrogated on other grounds by* Salve Regina College v. Russell, 499

U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (U.S. 1991), (b) the State Court, as a

matter of law, could not have determined that the Debtor defrauded Forde

without first satisfying itself that each of the five requisite elements of fraud were

present for each instance of fraud that was identified by the State Court, and (c)

the State Court, simply by deciding as it did, thus necessarily held that, with

respect to each such instance of fraud that it identified on the part of the Debtor,

each such requisite element of fraud was satisfied.

Now proceeding to apply the elements of collateral estoppel to the State

Court Judgment vis-a-vis Forde's § 523(a)(2) nondischargeability cause of

action, the Court holds that the first such element – i.e., the issue sought to be

precluded is the same as that decided in the prior action – is satisfied.  The Court

so holds because (a) the State Court, as set forth above, held that each requisite

element of fraud was satisfied with respect to each instance of fraud that it

identified on the part of the Debtor, and (b) the elements that are requisite for a

creditor's claim to be excepted from bankruptcy discharge under § 523(a)(2)(A)

11

are, as set forth above, identical to such requisite elements of fraud under Pennsylvania law.

The second element of collateral estoppel – i.e., the issue sought to be precluded was actually litigated in the prior action – is satisfied, as a matter of law, when (a) an "issue [is] framed by the pleadings and not withdrawn, even though it has not been raised at trial in any way," 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> *Jurisdiction* § 4419 (2nd ed. 2010); *see also* <u>Spawr Optical Research, Inc. v. Baldrige</u>, 649 F.Supp. 1366, 1373 (D.D.C. 1986) (quoting 18 Fed. Prac. & Proc. *Jurisdiction* § 4419 to the same effect), and (b) such issue is not decided by way of default, stipulation, or consent, *see* 28 P.L.E.2d *Judgment* § 258 at 341 (Bender 2003) & Supp. (Bender 2009).  The Court holds that such element is satisfied in the instant matter because (a) the elements that are requisite for a creditor's claim to be excepted from bankruptcy discharge under § 523(a)(2)(A) are, as set forth above, identical to such requisite elements of fraud under Pennsylvania law, (b) Forde pled the existence of each of the requisite elements for a fraud action under Pennsylvania law in his State Court complaint for each instance of fraud that was pled by him, *see* State Court Complaint, ¶¶ 25-29 (Count II) & ¶¶ 45-51, (c) what Forde pled was submitted for determination by the State Court (and was determined by such court) rather than withdrawn regardless of whether the issues so pled were raised at trial, and (d) the State Court did not dispose of issues regarding any of the requisite fraud elements by way of default, stipulation, or consent.

12

The fourth element of collateral estoppel – i.e., the resolution of the issue sought to be precluded must have been essential to the prior judgment – is satisfied in Pennsylvania, as a matter of law, regardless of whether the prior judgment rests upon two independently sufficient alternative grounds for decision.  *See* County of Centre, Board of Assessment Appeals v. Pennsylvania State University, 565 A.2d 187, 196 (Pa.Commw.Ct. 1989) (holding that, "'[i]f a case is decided on two different grounds, it is authority for both propositions,'" and, in the course of so holding, adopting the position set forth in Restatement (First) of Judgments, § 69 comment b – and, by cross reference in such comment, § 68 comment n – and rejecting the position set forth in Restatement (Second) of Judgments, § 27 comment i), *rev'd on other grounds*, 615 A.2d 303 (Pa. 1992); Miller v. Commonwealth Board of Property, 533 A.2d 819, 821 (Pa.Commw.Ct. 1987) ("Simply because a decision is based on two or more equally valid grounds, none of those grounds may be relegated to the inferior status of dictum"); Commonwealth v. Reed, 971 A.2d 1216, 1220 (Pa. 2009) (same).  Therefore, the fourth collateral estoppel element is satisfied in the instant matter because the State Court's determination that the Debtor defrauded Forde is necessary to the State Court Judgment notwithstanding that the State Court Judgment is based upon two independently sufficient alternative grounds for decision, namely fraud and failure of consideration.

Finally, the third, fifth, and sixth elements of collateral estoppel are met in the instant matter because (a) the State Court Judgment, which contains the determination that the Debtor defrauded Forde, constitutes a valid and final

13

judgment on the merits (3rd element), (b) the Debtor, who is the party against whom the bar of collateral estoppel is asserted, was a party to the State Court adjudication that resulted in the State Court Judgment (5th element), and (c) the Debtor had a full and fair opportunity to litigate the issue of whether he defrauded Forde in the action decided by the State Court (6th element).

Therefore, and for all of the foregoing reasons, the Debtor is collaterally estopped from contesting that the State Court Judgment constitutes a debt for money obtained by a false representation and/or actual fraud within the meaning of § 523(a)(2)(A). That being the case, provided that this Court can determine, as a matter of law, that the fraudulent statements of the Debtor – i.e., those fraudulent statements found by the State Court to have been made by the Debtor to Forde – do not respect the Debtor's or an insider's financial condition, the State Court Judgment can be declared nondischargeable pursuant to § 523(a)(2)(A) without the need for a trial.[2]

Thus, can the Court resolve, as a matter of law, whether the Debtor's

---

[2]The Court holds, for at least two reasons, that it cannot conclude, simply as a matter of law, that the State Court Judgment is nondischargeable pursuant to § 523(a)(2)(B). First, Forde's reliance on the fraudulent statements of the Debtor must rise to the level of "reasonable" rather than just be "justifiable" in order for the State Court Judgment to satisfy § 523(a)(2)(B)(iii), and the Court cannot ascertain, as a matter of law, that such reliance by Forde was reasonable even though the Court can so ascertain that such reliance was justifiable. The Court cannot determine that Forde's reliance was reasonable, simply as a matter of law, because (a) the reliance element for a fraud or fraudulent representation action under Pennsylvania law is merely "justifiable reliance" rather than "reasonable reliance," (b) the State Court, in the course of deciding that the Debtor defrauded Forde, thus never had any need to, and therefore did not, make a determination, that Forde's reliance was reasonable, (c) the application of collateral estoppel with respect to the issue of the reasonableness of Forde's reliance is consequently not possible, and (d) the Court cannot identify any other avenue for resolving, as a matter of law, whether Forde's reliance was reasonable. Second, fraudulent statements of a debtor are only actionable under § 523(a)(2)(B) if they are made in writing, and the Court cannot determine, simply from an examination of the State Court Opinion (and thus as a matter of law), whether the Debtor's fraudulent statements were made in writing.

fraudulent statements respect his or an insider's financial condition?  As an initial

matter, the Court determines that it cannot so resolve such issue by virtue of

collateral estoppel.  The Court so rules because such issue was never before the

State Court, which necessarily means that it could have been neither actually

litigated in front of, nor actually decided by, the State Court.  However, the Court

concludes, as set forth below, that it can nevertheless resolve such issue as a

matter of law.

## II.    Whether the Debtor's fraudulent statements respect his or an insider's financial condition?

At the outset, the Court notes that the fraudulent statements found by the

State Court to have been made by the Debtor all pertain to Campbell Coal rather

than the Debtor himself.  Consequently, such fraudulent statements could not

possibly respect the Debtor's financial condition.  Such observation does not

operate to conclude the Court's analysis, however, since Campbell Coal, when

such fraudulent statements were made, was unquestionably an insider of the

Debtor.  *See* 11 U.S.C.A. §§ 101(31)(A)(iv) (West 2011) ("corporation of which

the [D]ebtor [wa]s a director, officer, or person in control"), 101(31)(E) ("affiliate"

of the Debtor) & 101(2)(B) ("affiliate" consists of a corporation that the Debtor

owned 20% or more of).  Therefore, the Court must determine whether the

Debtor's fraudulent statements respect Campbell Coal's financial condition.

As for what is meant in § 523(a)(2) by the phrase "a statement respecting

the debtor's or an insider's financial condition,"[3] such phrase is undefined in the

Bankruptcy Code.  What's more, the courts appear to be hopelessly split as to

such meaning.

The phrase "respecting the debtor's ... financial condition"

has a range of potential meanings.  Under what many of the courts

who have considered this issue refer to as the "broad

interpretation," a statement "respecting the debtor's ... financial

condition" is any communication that has a bearing on the debtor's

financial position.  Thus, the broad interpretation posits that a

communication addressing the status of a single asset or liability

qualifies as "respecting the debtor's ... financial condition."

Under what courts refer to as the "strict interpretation," a

statement "respecting the debtor's ... financial condition" is any

communication that presents an overall picture of the debtor's

financial position.  This interpretation limits statements "respecting

the debtor's ... financial condition" to communications that purport

to state the debtor's overall net worth, overall financial health, or

equation of assets and liabilities.

In re Joelson, 427 F.3d 700, 705 (10th Cir. 2005) (citations omitted).

The Bankruptcy Court for the Eastern District of Louisiana in In re Bandi,

2010 WL 2801881 (Bankr.E.D.La. 2010), chose the strict interpretation of such

---

[3]The phrase "respecting the debtor's or an insider's financial condition" appears in both
§ 523(a)(2)(A) and § 523(a)(2)(B)(ii).

16

phrase – i.e., an interpretation such that "respecting the debtor's ... financial condition" pertains to the overall financial condition of the debtor – because, according to such court, the legislative history of §§ 523(a)(2)(A) and (B) supports such interpretation.  *See* Bandi, 2010 WL 2801881 at 3-4 (agreeing with, citing to, and quoting from, Joelson).  The Bandi Court also chose the strict interpretation of such phrase because

> [t]o hold otherwise would be to allow the debtor who had committed fraud by oral, rather than written, representations, a loophole large enough to drive a truck through.  Effectively sanctioning fraud because the debtor made oral, rather than written, misrepresentations would foreclose § 523(a)(2)(A) as a remedy for many of the creditors that come through this court.  This would not be consistent with either Congress's intent as expressed in the legislative history or the purpose of the Bankruptcy Code.

Bandi, 2010 WL 2801881 at 4 ("the [Bankruptcy] Code 'limits the opportunity for a completely unencumbered new beginning to the "honest but unfortunate debtor"'").

This Court agrees with Bandi and, thus, likewise chooses, for the reasons set forth in Bandi, the strict interpretation of the phrase "respecting the debtor's ... financial condition" so that such phrase pertains to the overall financial condition of the debtor.  This Court also chooses the strict interpretation of such phrase because, if one were to do otherwise and instead choose the broad interpretation, then, as a practical matter, every fraudulent statement made by a

17

debtor could conceivably respect such debtor's or an insider's financial condition,
thereby rendering § 523(a)(2)(A) a virtual nullity.

Construing the phrase "a statement respecting the debtor's or an insider's
financial condition" in such manner, the Court holds that none of the Debtor's
fraudulent statements that were made to Forde respect Campbell Coal's financial
condition.[4]  The Court so holds for two reasons.

First, none of such fraudulent statements present an overall picture of
Campbell Coal's financial position or purport to state Campbell Coal's overall net
worth or financial health.  Instead, each such fraudulent statement addresses
merely the status of a single asset or liability of Campbell Coal – i.e., the
Carmeuse contract, the Lacky business relationship, or Campbell Coal's
customer and supplier lists.  That each such fraudulent statement pertains to one
of the foregoing assets of Campbell Coal, and that each such asset indirectly
affects the overall financial position of Campbell Coal, is, as set forth above,
insufficient to transform such statements into ones that themselves respect
Campbell Coal's financial condition.  Second, many of the Debtor's fraudulent
statements actually pertain to financial matters of someone other than not only
the Debtor himself but Campbell Coal as well.  For instance, an omission that
Carmeuse had a 15-year contract with a broker other than Campbell Coal, and a
statement that Carmeuse was testing coal from other sources, constitute

---

[4]Once again, as explained in the first paragraph of the instant analysis, none of the
Debtor's fraudulent statements respect his own financial condition given that they all pertain to
Campbell Coal rather than himself.

statements that are more appropriately viewed as respecting Carmeuse's financial position rather than that of Campbell Coal's.  Likewise, a statement that Lacky was about to close on a coal mine in Kentucky respects, at best, the financial condition of Lacky rather than Campbell Coal.

Therefore, none of the Debtor's fraudulent statements that were made to Forde respect either the Debtor's or Campbell Coal's financial condition. Because the Court so rules as a matter of law, the Court must also hold at this time, and consequently without the need for a trial, that the State Court Judgment is nondischargeable pursuant to § 523(a)(2)(A).

## CONCLUSION

For all of the foregoing reasons, Forde's claim in the form of the State Court Judgment shall be nondischargeable pursuant to § 523(a)(2)(A). Therefore, the Court shall enter an order that excepts such claim from the Debtor's Chapter 7 discharge.

**BY THE COURT**

**/s/**                                    
**BERNARD MARKOVITZ,**
**U.S. Bankruptcy Judge**

**DATED:        April 14, 2011**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **CLIFFORD C. CAMPBELL,** | : | **Bankruptcy No. 09-25155-BM** |
| Debtor. | : | **Chapter 7** |

..............................................................:...............................................................

| | | |
|---|---|---|
| **William T. Forde,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 09-2587-BM** |
| | : | |
| **Clifford C. Campbell**, | : | |
| Defendant. | : | |

## ORDER OF COURT

**AND NOW,** this **14th day** of **April, 2011**, for the reasons set forth in the

accompanying Memorandum Opinion of the same date; and subsequent to

notice and hearings on the matter, the last of which was held on February 10,

2011, it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(a)  Forde's State Court Judgment claim in the amount of $230,000 is

**NONDISCHARGEABLE** pursuant to **§ 523(a)(2)(A)**;

(b)  the Debtor's motion seeking the entry of a discharge order (Doc. No. 22 in

the Main Case Docket) is **DENIED AS MOOT**;

(c)  Forde's State Court Judgment claim is accordingly excepted from the

Debtor's Chapter 7 discharge, which discharge shall be granted by

separate order subsequent to the entry of the instant Order of Court and

accompanying Memorandum Opinion; and

(d)     the Debtor's motion to strike Forde's post-trial brief as having been filed

        untimely (Doc. No. 54 in Adversary No. 09-2587-BM) is **DENIED AS**

        **MOOT**.

                                        **BY THE COURT**


                                         **/s/**_____
                                        **BERNARD MARKOVITZ,**
                                        **U.S. Bankruptcy Judge**


copies to:

Ronald B. Roteman
Stanley Kirshenbaum